UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAIBWAR RAOUF,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

PRISONER
CASE NO. 3:16-cv-826(RNC)

RULING AND ORDER

Raibwar Raouf, a federal inmate, brings this action pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence. In the underlying criminal case, he pleaded guilty to count two of the indictment, charging him with attempt to distribute, and possess with intent to distribute, one kilogram or more of heroin, and was sentenced to a mandatory minimum term of 120 months' imprisonment. See United States v. Raouf, No. 3:12-cr-177 (RNC). He asserts two claims: (1) the government used a Global Positioning System (GPS) device to track his vehicle's location in violation of the Fourth Amendment; and (2) his counsel failed to move to suppress evidence obtained as a result of the allegedly unlawful use of the GPS device in violation of the Sixth Amendment. The first claim is precluded by Raouf's unconditional guilty plea, as the Court of Appeals held on direct appeal. See United States v. Compres, 614 F. App'x 36, 38 (2d Cir. 2015). To prevail on the second claim, Raouf must satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 694

1

(1984), which requires him to show that (1) his counsel's failure to file a suppression motion was objectively unreasonable and (2) his counsel's deficient performance prejudiced him, resulting in an unreliable or fundamentally unfair outcome. See id. at 687, 691-92; Kovacs v. United States, 744 F.3d 44, 52 (2d Cir. 2014). Because neither showing has been made, the petition must be dismissed.

I. Background

The Drug Enforcement Administration (DEA) used a GPS device to track Raouf's vehicle from May 25 until June 17, 2012, pursuant to a warrant issued by a magistrate judge. On June 18, 2012, Raouf met with an undercover agent who was posing as a large scale heroin trafficker. During this meeting, which was recorded, Raouf committed to buying a total of six kilograms of heroin. On July 31, 2012, after a series of telephone calls between Raouf and the undercover agent, Raouf and two associates met the agent to conduct an initial three-kilogram heroin transaction. Raouf was arrested as he tried to complete the transaction using $120,000 in cash he had concealed in his girlfriend's car.

Approximately one year later, Raouf pleaded guilty to attempting to distribute, and possess with intent to distribute, one kilogram or more heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(I). In his plea agreement, he waived

his right to appeal or collaterally attack his conviction. After the mandatory minimum penalty of 120 months in prison was imposed, he appealed on the ground that the sentence was substantively unreasonable. The Court of Appeals rejected that argument. In a pro se supplemental brief, he argued that his conviction was invalid because it was obtained with evidence procured in violation of the Fourth Amendment. As mentioned above, the Court of Appeals determined that this argument had been waived.

II. <u>Discussion</u>

Though Raouf's Fourth Amendment claim has been waived, his Sixth Amendment claim is cognizable under § 2255. When a habeas petitioner asserts that he received ineffective assistance of counsel in pleading guilty unconditionally, the issue is whether the guilty plea was made intelligently and voluntarily with the advice of competent counsel. <u>United States v. Coffin</u>, 76 76 F.3d 494, 497-98 (2d Cir. 1996). "The two-part standard set forth in <u>Strickland</u> . . . for evaluating ineffective assistance of counsel claims applies in the context of guilty pleas." <u>Id.</u> at 498. Raouf must first show that his lawyer's "representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 687-88. He must also show that "there is a reasonable probability that, but for [his] counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial,"

3

Hill v. Lockhart, 474 U.S. 52, 59 (1985), or could have negotiated a more favorable plea. Kovacs, 744 F.3d at 52-53.

With regard to the first prong of Strickland, Raouf argues that his lawyer should have moved to suppress the heroin and cash as fruit of an unlawful search conducted by means of the GPS tracking device. He states that his lawyer told him there was no basis for such a motion, even though the lawyer believed, erroneously as it turned out, that no warrant had been obtained. Raouf argues that it was objectively unreasonable for his lawyer to fail to file a motion to suppress, despite the issuance of the warrant, because there were problems with the manner in which the warrant was obtained and executed. Had the problems with the warrant for the GPS tracking device been brought to the attention of the Court, Raouf argues, the heroin and cash likely would have been suppressed as fruit of the poisonous tree because the GPS data enabled the government to orchestrate the initial meeting between Raouf and the undercover agent, which led to Raouf's eventual arrest.

Assuming Raouf's factual allegations are true, his lawyer's failure to file a suppression motion was not objectively unreasonable as required by the first prong of Strickland. None of the problems Raouf identifies with regard to the way the warrant was obtained and executed would have provided a basis for suppression.

4

With regard to the manner in which the warrant was executed, Raouf asserts that the GPS device was used to track his vehicle for more than 45 days without authorization by the magistrate judge in violation of Fed. R. Crim. P. 41(e)(2)(C), which governs a warrant for a tracking device. A violation of Rule 41 does not support exclusion of evidence unless the defendant shows that the search might not have occurred had the rule been followed or the record reflects an intentional violation of the rule. <u>United States v. Burke</u>, 517 F.2d 377, 386-87 (2d Cir. 1975).

Here, Raouf cannot show prejudice from the alleged violation of Rule 41(e)(2)(C) because his initial meeting with the undercover agent occurred on June 18, before the 45-day limit expired. Moreover, the record does not reflect a deliberate violation. To the contrary, the executing officer certified that the device was used only from May 25 until June 17. <u>See</u> ECF No. 8-1 at 4 (warrant). The record provides no basis to doubt the validity of the certification.

With regard to the manner in which the warrant was obtained, Raouf argues that the affidavit used to obtain the warrant failed to establish probable cause. In assessing the sufficiency of the affidavit, the magistrate judge was required to consider its contents in a common sense manner. <u>See</u> <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983). A magistrate judge's decision to issue a warrant is given great deference and will be sustained if the

5

magistrate had a "substantial basis" for concluding that probable cause existed for the search.  Id. at 238-39.

The substantial basis test is satisfied here.  The affidavit presented to the magistrate judge relied on detailed information provided by three informants concerning Raouf's heroin-trafficking activities.  See ECF No. 8-1 at 6-7 (warrant affidavit).  Much of the information was corroborated, including by physical surveillance.  Id.  In addition, the affidavit contained information from a cooperating source showing that Raouf had conducted a heroin transaction out of his car.  Id. at 7-9.  More is not required to establish probable cause.  See United States v. Rijo, 502 F. App'x 103, 105 (2d Cir. 2012) (detailed information from confidential informant, who had previously been reliable, provided probable cause when information was corroborated in part by surveillance); United States v. Singh, 390 F.3d 168, 182 (2d Cir. 2004)(nexus between alleged criminal activities and place to be searched was supported by reasonable inference).[1]

---

[1] Raouf argues that his counsel should have challenged the validity of statements in the affidavit used to obtain the warrant.  Such a challenge requires a substantial preliminary showing that a false statement was included in the affidavit knowingly and intentionally or with reckless disregard of the truth.  See Franks v. Delaware, 438 U.S. 154, 171-72 (1978). There is no indication that the affidavit contained a material false statement or omission.  Thus, there is no basis to conclude that a Franks challenge should have been made.

Even assuming Raouf could show that it was objectively unreasonable for his lawyer to fail to file a motion to suppress, he cannot show prejudice as required by the second prong of Strickland. A motion to suppress the heroin and cash on the basis that probable cause was lacking would have foundered on the good faith exception to the exclusionary rule. See United States v. Leon, 468 U.S. 897, 905 (1984). This exception applies when officers reasonably rely on a magistrate judge's determination that a search warrant is supported by probable cause. Nothing in the record suggests that the exception would not have been available to the government here.

Moreover, even if the tracking of Raouf's vehicle could be shown to violate the Fourth Amendment, the causal connection between the constitutional violation and Raouf's offense conduct was sufficiently attenuated to permit the fruits of the tracking to be used in the government's case-in-chief. See United States v. Trazska, 111 F.3d 1019, 1027 (2d Cir. 1997) (quoting Wong Sun v. United States, 371 U.S. 471, 484-85 (1965)) ("Evidence obtained as a result of the defendant's 'intervening independent act of free will' serves to 'purge the primary taint of the unlawful invasion.'"). Three factors are considered in determining whether the causal chain between an officer's illegal conduct and the acquisition of evidence is sufficiently attenuated to permit the evidence to be used in court: (1) the

7

time elapsed between the officer's conduct and the acquisition of the evidence; (2) the presence of intervening circumstances; and (3) the flagrancy of the officer's misconduct.  See Brown v. Illinois, 422 U.S. 590, 603 (1963).  Here, more than a month elapsed between Raouf's initial meeting with the undercover agent and the transaction that resulted in his arrest; during that interval, he engaged in a series of phone calls for the purpose of negotiating a purchase of six kilograms of heroin, undertook to make arrangements to complete the purchase, and ultimately implemented his plan to make the purchase, all of his own free will and volition; and there is no evidence of any misconduct on the part of the officers, much less flagrant misconduct.

In sum, Raouf has not shown that had his lawyer filed a motion to suppress, there is a reasonable probability the motion would have been successful.  Hill, 474 U.S. at 59.  That being so, he cannot meet his burden under the prejudice prong of Strickland.  In other words, he cannot show that there is a reasonable probability that but for his counsel's alleged error in failing to file a motion to suppress, he would have insisted on going to trial or been able to negotiate a more favorable plea.  As a result, his ineffective assistance of counsel claim is unavailing.[2]

---

[2] Raouf initially argued that the government improperly concealed the GPS warrant.  To the extent that argument is still being made, it too lacks merit.  The government has submitted

8

III. Conclusion

Accordingly, the petition is hereby dismissed.  No certificate of appealability will be issued.

The Clerk may enter judgment and close the case.

So ordered this 4th day of October 2018.

                                               /S/ RNC
                                        Robert N. Chatigny
                                  United States District Judge

---

evidence showing that it disclosed a number of documents, including the GPS warrant, to Raouf's first attorney; and then forwarded those materials to the attorney that advised him in connection with his guilty plea.  See ECF No. 8-1 at 39-42; id. at 43-44 ("I am enclosing a copy of the discovery letter that I sent to your client's prior counsel . . . along with the materials that were enclosed . . . which include . . . GPS documents. . . .").